IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                     Plaintiff,  )
                                 )
vs.                              )     Case Number CR-03-144-C
                                 )     Case Number CIV-06-971-C
MIGUEL OCAMPO,                   )
                                 )
                     Defendant.  )

**MEMORANDUM OPINION AND ORDER**

Following a jury trial, Defendant was convicted on Count 1:  conspiracy to possess
with intent to distribute and to distribute five kilograms or more of a mixture or substance
containing a detectable amount of cocaine, 1,000 kilograms or more of marijuana and a
quantity of ecstasy; on Counts 7 and 16:  distribution of a one-half kilogram of cocaine; on
Counts 9, 13, and 15:  use of telephone to discuss the payment of money for the acquisition
of or distribution of drugs; and on Counts 10 and 14:  distribution of nine ounces of cocaine.
Defendant was sentenced to a lengthy term of imprisonment.  Defendant, acting through
counsel, has now filed the present 28 U.S.C. § 2255 motion seeking to vacate, set aside, or
correct his sentence.

In his motion, Defendant argues he was denied effective assistance of counsel because
his attorney failed to investigate and present essential defense witnesses, failed to disclose
exculpatory evidence, failed to discover and impeach witnesses with motivation to lie, and
failed to object to summary witness testimony.

Each of Defendant's allegations are premised on the alleged ineffectiveness of his trial counsel. Thus, Defendant's claims are governed by the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, Defendant must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In considering the first prong, the Court is mindful that a strong presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the second prong, Defenant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687. In other words, Defendant must establish "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. With these standards in mind, the Court considers the issues raised by Defendant.

1.  Failure to investigate and present essential defense witnesses.

Defendant argues his counsel was ineffective for failing to investigate and call certain witnesses who would have testified that Defendant was not involved in the drug trade. Defendant argues that the government's investigation established the actions of Leo Padilla in the drug trade but that Defendant was not mentioned in those investigations. Defenant also asserts that during the trial a government witness, Mr. Windler, blurted out in Spanish that "Leo talked first." According to Defendant, this is evidence that Mr. Windler's testimony against him was in retribution for Defendant's cousin Leo cooperating with Plaintiff against Mr. Windler's mother. Defendant points to the failure to interview and call

2

Elizabeth Padilla.  Ms. Padilla, then a sophomore in high school, worked at Defendant's store and if called would have testified that she never saw any drugs stored at the store.  Defendant also notes other witnesses who could have testified as to Defendant's character and standing in the community, his business activities of selling boots and jewelry, and his presence in Mexico during the time period some of the alleged drug transactions occurred.

Defendant fails to offer anything other than a conclusory argument that Mr. Windler's testimony was motivated by revenge.  Further, Defendant offers no explanation as to how ensuring Defendant was convicted would exact retribution on Defendant's cousin.  Thus, Defendant has failed to establish that any failure by trial counsel to explore this issue further was ineffective.[1]  United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988) (conclusory allegations are insufficient to support an ineffectiveness of counsel claim).

Regarding the failure to interview or call certain witnesses, Plaintiff offers the affidavit of Defendant's trial counsel wherein he explains his reasons for not calling the persons proposed by Defendant.  Each of the explanations is reasonable and certainly within the scope of a reasonable trial strategy.

> Strategic or tactical decisions on the part of counsel are presumed correct, Strickland, 466 U.S. at 689, 104 S.Ct. 2052, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy," Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted) (alteration in Fox ).

---

[1]  Likewise, Defendant fails to explain how in light of Judge Alley's direction that the outburst be stricken from the record and that any juror who understood it to disregard it, trial counsel should have proceeded to develop the issue.

Moore v. Marr, 254 F.3d 1235, 1239-40 (10th Cir. 2001).   Defendant has failed to demonstrate that the decisions regarding which witnesses to call and what strategy to use in presenting Defendant's case to the jury were so completely unreasonable that they bore no relationship to a possible defense strategy.   It is clear that based on what Defendant's counsel knew at the time,[2] certain of the witnesses would not have appeared to testify or would have refused to testify.   Further, as noted by Plaintiff, many of the witnesses Defendant argues should have been called would likely have been precluded from testifying by Fed. R. Evid. 404(a)(1).   In short, Defendant has failed to overcome the presumption of reasonableness that the Court must apply to the conduct of his trial counsel.   Accordingly, Defendant has failed to satisfy the first Strickland prong.

2.  Failure to impeach with motivation to lie.

Defendant argues that trial counsel failed to meaningfully impeach any witness with motivation to testify falsely against him.   Defendant argues that many of the prosecution's witnesses were facing lengthy prison sentences as a result of their criminal conduct and trial counsel failed to elicit testimony demonstrating the sentences were likely reduced based on their testimony at trial.

---

[2]  "When a court decides a claim of ineffective assistance of counsel, the reasonableness of counsel's challenged conduct must be viewed as of the time of the conduct.  [Strickland 466 U.S.] at 690. . . .  Neither hindsight nor success is the measure."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1537 (10th Cir. 1994) (citing Ellis v. Oklahoma, 430 F.2d 1352, 1356 (10th Cir. 1970)).

Defendant's argument ignores the actual facts of the trial. Plaintiff's counsel elicited testimony from the witnesses that they had pled guilty to the crimes charged, that as a result of those pleas they had been given certain concessions regarding the crimes of which they were convicted, that as part of their plea agreements they had agreed to testify in Defendant's trial and otherwise cooperate with the government, that if they failed to testify truthfully their plea agreements would be voided and that the ultimate sentences received would be determined by the sentencing judge. Further, Judge Alley noted on at least two occasions that the issue of the witnesses' plea agreements was an issue that went to the credibility of the witnesses.

Even assuming trial counsel's failure to elicit more information about the effect of the witnesses' plea agreement somehow fell below an objective standard of reasonableness, Defendant has failed to demonstrate that, but for the alleged failure, the result of the proceeding would have been different. The jury was clearly made aware of the extensive criminal backgrounds of the witnesses, yet the verdict makes clear they chose to accept their testimony. Defendant has failed to offer any evidence supporting that this fact would change if the jury had been more thoroughly made aware that the witnesses might benefit from testifying against Defendant. Finally, Defendant offers no argument demonstrating that the additional impeachment would have been adequate to overcome the evidence of Defendant's guilt provided by the testimony of the law enforcement personnel. Defendant has failed to demonstrate that any alleged error by trial counsel deprived him of a fair trial.

### 3.  Right to discover impeachment evidence.

Defendant argues that trial counsel failed to seek discovery of the Presentence Reports ("PSR") of the government's witnesses and that the government's failure to provide them violates Brady v. Maryland, 373 U.S. 83 (1963).  Defendant argues the Circuit has found a PSR to be discoverable as Jencks Act material in United States v. Sasser, 971 F.2d 470 (10th Cir. 1992), and United States v. Ventura, Case No. 96-2148, 1997 WL 774750 (10th Cir. Dec. 17, 1997).  However, neither case is as broad as argued by Defendant.  Rather, each case provides that under certain circumstances, a PSR may be discovered.  Before the Jencks Act can apply, the PSR must have been turned over to the prosecution.  See Sasser, 971 F.2d at 480.  Defendant has offered no evidence the PSRs were in the possession of the prosecution at the time of his trial.  Moreover, a review of the court file for each of the witnesses who testified[3] makes clear that their respective PSRs were not final until after Defendant's trial was complete.  Thus, even had trial counsel requested them, the PSRs' usefulness would have been questionable.  Finally, simply having access to the PSRs would not have resolved the shortcoming on which Defendant now bases his argument of trial counsel's error.  Defendant argues that the PSRs would have permitted a more meaningful attack on the witnesses by demonstrating the leniency each was given in exchange for testimony in Defendant's trial.  However, the PSRs would not provide that information.

---

[3]  Although Defendant argues trial counsel should have sought disclosure of Ms. Brown's PSR, she did not testify at trial and therefore her PSR would not fall within the scope of any authority permitting discovery.

Rather, the information Defendant alleges his trial counsel was required to obtain would be found in the government's motion for downward departure.  That document is the one that would explain what a witness received in exchange for his cooperation with Plaintiff. Review of the court file reveals that to the extent such motions were made, they were not made until after completion of Defendant's trial.  Thus, there can be no error in trial counsel's failure to request them.

To the extent Defendant argues the PSRs would have provided information regarding criminal history, prior drug use, and mental health issues, Plaintiff avers that information was provided to trial counsel.  Defendant has offered no evidence rebutting this assertion. Accordingly, the failure to request the PSRs did not deprive trial counsel of this information.

Defendant has failed to demonstrate that trial counsel's failure to request the PSRs caused counsel's performance to fall below an objective standard of reasonableness.  Further, given the Court's disposition of the Defendant's arguments regarding the failure to impeach with motivation to lie, Defendant has failed to demonstrate that any failure to request a witness's PSR deprived him of a fair trial.

4.  Failure to object to summary witness testimony.

Defendant argues that trial counsel should have objected to Agent Snowden's testimony as he was offered as a summary witness and the trial was so short a summary witness was improper.

Contrary to Defendant's characterization, Agent Snowden did not testify as a summary witness.  Agent Snowden's testimony offered substantive evidence regarding the

investigation into Defendant's criminal activity.  Indeed, the only testimony that approached being offered in a summary fashion was Agent Snowden's explanation of the wiretap process.  That testimony was foundational, not substantive.  In short, there was no basis for trial counsel to object to the manner in which Agent Snowden testified.  Thus, the failure to object cannot be said to be deficient performance.

Although Defendant requested an evidentiary hearing, the Court finds it unnecessary to conduct a hearing.  In considering the issues raised by Defendant, the Court has reviewed the entire trial transcript, as well as other documents in the court record.  Because resolution of Defendant's arguments is possible on this existing record, no hearing is necessary.  See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000)..

## CONCLUSION

Defendant has failed to offer proof that his trial counsel was ineffective.  Accordingly, Defendant has failed to demonstrate his conviction violated the Constitution.  Therefore, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 234) is DENIED.  A Judgment will enter accordingly.

IT IS SO ORDERED this 17th day of July, 2007.


ROBIN J. CAUTHRON
United States District Judge